NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-3956

_____

UNITED STATES OF AMERICA

v.

MICHAEL RICHARD ROBERTS,

Appellant

_____

No. 12-3957

_____

UNITED STATES OF AMERICA

v.

ANTHONY JAMES DEMARCO, III,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action Nos. 2-10-cr-00790-002/1)
District Judge: Honorable Michael M. Baylson

_____

Submitted Under Third Circuit LAR 34.1(a)
January 14, 2014

Before: AMBRO, HARDIMAN, and GREENAWAY, Jr., Circuit Judges

(Opinion filed: January 23, 2014)

———————————

OPINION

———————————

AMBRO, Circuit Judge

## I.    Background

Anthony DeMarco, Michael Roberts, and two other individuals were indicted for

their participation in a massive mortgage foreclosure rescue scheme.  DeMarco was

charged with, *inter alia*, conspiracy, wire fraud, bank fraud, mail fraud, and money

laundering.  Roberts was charged with, *inter alia*, conspiracy, bank fraud, and wire fraud.

DeMarco and Roberts both pled guilty.  In October 2012, the District Court sentenced

DeMarco to 300 months' incarceration and five years' supervised release, and ordered

him to pay a special assessment of $1,000.  The District Court sentenced Roberts to 120

months' imprisonment and five years' supervised release, and ordered him to pay a

$1,000 special assessment.  In May 2013, the District Court entered a final order of

restitution, ordering DeMarco to pay approximately $20 million and Roberts to pay

approximately $6 million.  Each appeals.[1]

Roberts argues that the District Court erred by increasing his offense level two

points under U.S.S.G. § 3B1.3 for an abuse of a position of trust.  DeMarco asserts that

the District Court erred by denying him funds for a forensic accountant to evaluate the

Government's restitution calculations.  Both Roberts and DeMarco contend that the

District Court improperly failed to account for unpaid sellers' rent in its calculation of the

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have appellate
jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

restitution owed to the victim sellers, and that the District Court imposed substantively unreasonable sentences. The Government has filed a consolidated opposition brief. We affirm.

## II.     Discussion

<u>Roberts' Abuse of Position of Public or Private Trust</u>

Section 3B1.3 of the Sentencing Guidelines provides that the offense level should be increased by two levels if "the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3.   A position of "public or private trust" is one "characterized by professional or managerial discretion." *Id.* cmt. n.1.  The adjustment applies only if "the position of public or private trust . . . contributed in some significant way to facilitating the commission or concealment of the offense." *Id.*  We review de novo (also known as plenary review) whether a defendant occupied a position of trust, and review for clear error whether he used his position of trust to facilitate significantly the offense. *United States v. Nathan*, 188 F.3d 190, 205 (3d Cir. 1999).

Roberts argues that he was merely one of DeMarco's employees and did not hold a position of trust with respect to the victims in this case. The record indicates, however, that Roberts was the vice president of sales at DeMarco's company for several months and was aware of the fraudulent nature of DeMarco's scheme. Despite this knowledge, Roberts directly communicated with and solicited victim sellers, gaining their trust and assisting them with complicated real estate transactions.   Given the record, the District Court correctly found that Roberts had abused a position of trust.

3

DeMarco's Motion for Funds for a Forensic Accountant

We review the District Court's denial of a request for funds to retain an expert witness for abuse of discretion. *United States v. Roman*, 121 F.3d 136, 143 (3d Cir. 1997). DeMarco contends that the District Court wrongly denied his motion for approval of approximately $30,000 in Criminal Justice Act ("CJA") funding to pay an expert forensic accountant to recalculate restitution. The CJA provides for funds for "investigative, expert, or other services necessary for adequate representation." 18 U.S.C. § 3006A(e)(1). Here, DeMarco has not shown that an expert accountant's services were necessary. Although he argues that an expert could have challenged the Government's fraud loss calculation, it is unrealistic to think that an expert could have reduced DeMarco's loss calculation enough to warrant a lower Guidelines offense level. The Court found DeMarco responsible for a total fraud loss of over $17 million, far above the "cut off" of $7 million that would have triggered a lower offense level. *See* U.S.S.G. § 2B1.1(b)(1) (2013). Additionally, the Court properly found that, given the enormous loss amount in the case and that DeMarco had virtually no liquid assets, it was inappropriate to dedicate CJA funding to the topic of restitution. *See* DeMarco's Joint Appendix ("J.A.") at 17 (given the multi-million dollar amount of restitution and defendants' lack of assets, "it would be unconscionable for Court appointed defense counsel to spend any further time trying to 'fine tune' the amount of restitution when there was no realistic possibility that DeMarco . . . was able to make restitution to any of [his] many victims"). The Court did not abuse its discretion in denying DeMarco's motion for funds to pay an expert witness.

4

Exclusion of Unpaid Rent in Restitution Calculations

"We exercise plenary review over whether an award of restitution is permitted under law, but we review specific awards for abuse of discretion." *United States v. Graham*, 72 F.3d 352, 355 (3d Cir. 1995). Both DeMarco and Roberts argue that the District Court improperly calculated restitution by failing to exclude unpaid sellers' rents from the total restitution award. Specifically, they contend that some victim sellers failed to pay rent to DeMarco's company, and that this "benefit" should be subtracted from the restitution they owe the victims. The District Court did not abuse its discretion by refusing to offset DeMarco's and Roberts' restitution obligations by the victims' allegedly unpaid rents. As the District Court correctly found, DeMarco and Roberts had not sustained their burden of showing that such a "rent credit" should be allowed, as they presented no evidence of which sellers failed to make particular rent payments for particular properties. *See United States v. Bryant*, 655 F.3d 232, 254 (3d Cir. 2011) (it is the defendant's burden to prove any restitution offsets).

Substantive Reasonableness of Sentences

Both DeMarco and Roberts argue that the sentences imposed by the District Court were substantively unreasonable. "The party challenging the sentence bears the ultimate burden of proving its unreasonableness and we accord great deference to a district court's choice of final sentence." *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (internal citation omitted). Here, neither defendant has shown that his sentence was unreasonable. DeMarco and Roberts participated in a massive fraud that significantly harmed the lives of numerous innocent people. The District Court heard victim

5

testimony, considered the nature of the fraud and the role both defendants played in perpetuating the fraud, accounted for the sentencing factors set forth in 18 U.S.C. § 3553, and ultimately imposed sentences that were within the Guidelines range.  There is no basis to find that the District Court's sentences were unreasonable.

*　　*　　*　　*　　*

For these reasons, we affirm.